UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin Porter and
Vincent Chaney

    v.                                           Case No. 20-cv-1210-JL

Willie Scurry et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is the Amended Complaint (Doc. No. 2) filed by plaintiffs Kevin Porter and Vincent Chaney, pretrial detainees at the Hillsborough County House of Corrections ("HCHOC"), seeking damages under 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement at the HCHOC in 2020. Defendants are Hillsborough County Department of Corrections ("HCDOC") Superintendent Willie Scurry, HCDOC Nurse Practitioner Christopher Schweiger, HCDOC Dr. Christopher Braga, HCDOC Health Care Administrator Denise Hartley, HCDOC Deputy Chief of Security Brian Martineau, HCDOC Corrections Officer ("CO") Gifford Hiscoe, CO Timothy Fitzpatrick, CO Joshua Jordan, CO

---

[1]Defendants named in the Amended Complaint are Hillsborough County Department of Corrections ("HCDOC") Superintendent Willie Scurry, Nurse Practitioner Christopher Schweiger, Dr. Christopher Braga, HCDOC Health Care Administrator Denise Hartley, HCDOC Deputy Chief of Security Brian Martineau, Corrections Officer ("CO") Gifford Hiscoe, CO Timothy Fitzpatrick, CO Joshua Jordan, CO Brandon Dominico (or Diminico), and other unknown HCDOC COs, hereafter identified as "CO John Doe 1-4."

Brandon Dominico (or Diminico), and a number of unknown HCDOC COs, hereafter identified as "CO John Does 1-4." The Amended Complaint is before the court for preliminary review under LR 4.3(d) and 28 U.S.C. § 1915A(a).

## Preliminary Review Standard

The court may dismiss claims asserted in an inmate's complaint if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether plaintiff has stated a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background[2]

Plaintiffs Porter and Chaney were pretrial detainees at the

---

[2]Except as otherwise indicated, the following statement of background facts is derived from the allegations in the Amended Complaint (Doc. No. 2), taken as true for purposes of this court's preliminary review.

2

HCHOC in 2020.  Porter arrived at the HCHOC on June 14, 2020, and Chaney arrived on November 16, 2020.  See Compl. ¶¶ 11, 25 (Doc. No. 1).  The court has construed plaintiffs' claims as intending to assert that each of the supervisors, corrections officers, and medical providers named as defendants violated plaintiffs' rights under the Fourteenth Amendment Due Process Clause, by exposing them to hazardous conditions of confinement during the COVID-19 pandemic.

In March 2020, the Centers for Disease Control and Prevention ("CDC") published interim guidance on the management of the COVID-19 virus in correctional facilities.  On July 26, 2020, plaintiff Porter filed a grievance against the medical staff for failing to sanitize their hands or wear gloves during distribution of medication to the HCHOC's general population, in contravention of the CDC guidance.  Subsequent to Porter's grievance, HCHOC medical staff started sanitizing the medication cart and their hands before they put on gloves.  In addition, a protective shield was attached to the cart.  No medical or correctional staff were otherwise using personal protective equipment.

In the course of investigating Porter's grievance about medical staff practices, plaintiffs allege that defendant CO Fitzpatrick reviewed video footage and defendant Hartley spoke with nursing staff.  Porter's allegations were deemed to be

3

unfounded, a finding that was affirmed by defendant CO Hiscoe, who was then the acting Superintendent.

Between July and September 2020, Porter was examined by health care providers Braga, Schweiger and Hartley, who were not wearing protective masks. When defendant Scurry became HCHOC Superintendent in September 2020, he did not issue protective masks to inmates. On November 2, 2020, defendant CO Fitzpatrick distributed cloth masks to the general inmate population but, at that time, inmates were told that the masks could not be worn inside their housing units, but only when exiting the unit, per orders of Superintendent Scurry and CO Martineau. Prior to late November 2020, there were no signs in the HCHOC calling for social distancing in the facility's housing units.

On November 16, 2020, the Hillsborough County Superior Court, Northern Division, issued an order resulting in plaintiff Chaney's pretrial detention at the HCHOC. That court suspected that Chaney had COVID-19 at that time. Upon his arrival at the HCHOC, Chaney was placed in isolation in a cell that lacked negative pressure ventilation. None of the medical defendants – Hartley, Braga or Schweiger – ordered testing for Chaney, despite CDC guidelines calling for inmate testing in those circumstances. During his period of isolation, Cheney was not provided with adequate hygienic or cleaning supplies, a situation known to defendants Hartley, Braga and Schweiger.

4

health care providers. In late November and early December 2020, HCHOC officials placed signs calling for social distancing throughout the facility's housing units.

On December 17, 2020, plaintiffs noticed "a lot of coughing and sneezing around them" which led both of them to wear their cloth masks out of fear of getting COVID-19. Plaintiffs refused the command of an unknown officer ("CO John Doe 1") to remove their masks. CO John Doe 1 notified his supervisors, defendant COs Joshua Jordan and Brian Dominico, who along with other unknown COs ("John Does 2, 3, and 4"), surrounded plaintiffs while ordering them to remove their masks. Porter asked the officers whether they would put Porter's health at risk, to which defendant Jordan replied, "you don't need a mask because you are in a controlled unit." Both plaintiffs filed grievances following this incident.

Porter also called outside counsel who contacted Superintendent Scurry about the COVID-19 situation at HCHOC. Scurry replied by email that no inmate testing was taking place, but was vague as to the mask issue. Distribution of antibacterial soap was discontinued and inmates who had tested positive for COVID-19 were housed with those who had not. The HCHOC also closed the recreation yard on the housing unit, depriving inmates of the opportunity to avoid the closed indoor spaces of the jail. On December 31, 2020, a New Hampshire

5

Superior Court Judge ordered an inmate released to home confinement, upon finding that there had been deliberate indifference to the COVID-19 pandemic at the HCHOC.[3]

On January 4, 2021, the day after they were tested by representatives of the New Hampshire Department of Health and Human Services, plaintiffs were diagnosed with COVID-19. The plaintiffs were immediately placed in quarantine, without access to adequate medical care or hygiene and cleaning supplies. This confinement continued for three weeks, during which the plaintiffs were confined for twenty-two hours per day and shared two showers with thirty other ill inmates.

### Fourteenth Amendment Standard

The court has construed the Amended Complaint (Doc. No. 2) as intending to state claims under 42 U.S.C. § 1983, arising from allegations that that defendants violated the Fourteenth Amendment Due Process Clause, by subjecting them to punitive conditions of pretrial confinement in failing to protect them from a heightened risk of COVID-19 infection, with deliberate indifference to that risk. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); see also Spencer v. City of Bos., No. 13-11528-MBB, 2015 WL 6870044, at *7 (D. Mass. Nov. 6, 2015) ("constitutional

---

[3]See State v. James, Nos. 2020-CR-000204 & 2020-CR-00358, Order on Def's. Req. for Bail (N.H. Super. Ct., Hillsborough Cty., (S. Dist.) Dec. 31, 2020).

6

violations based on denied or inadequate medical care brought by pretrial detainees are analyzed under the substantive component of the Due Process Clause of the Fourteenth Amendment"). To state a constitutional tort or other civil rights claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, the plaintiff must allege facts showing that the defendant possessed a purposeful, knowing, or reckless state of mind, as "'liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'" Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015) (citation omitted).

Since Kingsley, it has been unclear whether a pretrial detainee asserting a Fourteenth Amendment conditions-of-confinement claim must show subjective deliberate indifference as required by the Eighth Amendment, or merely that the conduct "purposely or knowingly used against him was objectively unreasonable." Id. at 397; see also Gomes v. U.S. Dep't of Homeland Sec., 460 F. Supp. 3d 132, 145-148 (D.N.H. 2020) (noting Circuit split and observing that, post-Kingsley, the First Circuit has applied Eighth Amendment deliberate indifference standard to pretrial detainee medical claims twice but that those decisions do not foreclose change of standard by Kingsley). The court declines to resolve that issue absent briefing on the issue by both parties.

Viewed through the more exacting Eighth Amendment lens, a

7

plaintiff alleging inadequate medical care of other unconstitutional conditions of confinement must satisfy a two-prong test. Abernathy v. Anderson, 984 F.3d 1, 6 (1st Cir. 2020) (per curiam). First, "the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Where an alleged failure to treat a medical condition forms the basis of an inmate's claim, the objective component may be established by evidence of a medical need "'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64, 74 (1st Cir. 2016) (citation omitted).

The second prong is subjective; it mandates that prison administrators must have exhibited a deliberate indifference to the prisoner's needs. Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014). A showing of deliberate indifference to a substantial risk of serious harm satisfies the subjective prong of an Eighth Amendment claim. See Farmer, 511 U.S. at 834. To establish deliberate indifference, an inmate must demonstrate that defendants were aware of facts that gave rise to an inference that a substantial risk of serious harm existed; that defendants drew the inference that such a risk existed; and that defendants, by act or omission, did not take reasonable steps to

8

ameliorate the risk.  See id. at 828-29; Leite v. Bergeron, 911 F.3d 47, 52–53 (1st Cir. 2018).  Deliberate indifference may also be manifested by "'wanton disregard to a prisoner's needs . . . akin to criminal recklessness, requiring consciousness of impending harm, easily preventable."  Abernathy, 984 F.3d at 6 (citation omitted).

### **Claims**[4]

1. Porter's Claims

    Claim 1A. Medical Defendants (Hartley, Braga, Schweiger)

The facts alleged in the Amended Complaint, leading up to and including Porter's COVID-19 diagnosis, are sufficient to allow a claim for violations of his rights under the Fourteenth Amendment to survive preliminary review and proceed under 42 U.S.C. § 1983 against defendants Hartley, Braga and Schweiger – all medical professionals - for their deliberate indifference in exposing Porter to a substantial risk of COVID-19 infection.

---

[4]The court has construed the complaint as alleging claims of constitutional violations against the individual defendants. The court expresses no opinion at this time as to whether the facts alleged in the Amended Complaint (Doc. No. 2) could also state claims upon which relief can be granted under a theory of negligence against any defendant or his or her employer, or against Hillsborough County, for violating plaintiffs' due process rights, under a theory of local government liability under 42 U.S.C. § 1983.  See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," then local government itself may be held liable under 42 U.S.C. § 1983).

### Claim 1B.  Superintendent Scurry, COs Martineau, Jordan, Dominico, and John Does 1-4

Construing the Complaint liberally, the court concludes that Porter has also alleged sufficient facts to allow a section 1983 claim to proceed against Superintendent Scurry, COs Martineau, Jordan, and Dominico, and John Does 1-3 for their deliberate indifference in exposing Porter to a substantial risk of COVID-19 infection.

### Claim 1C.  Acting Superintendent/CO Hiscoe and CO Fitzpatrick

The claim against Hiscoe and Fitzpatrick relate only to plaintiff Porter.  The Amended Complaint, however, does not state facts regarding the conduct of those defendants and their awareness of a risk of harm, sufficient to state a claim upon which relief can be granted against these defendants.  That they reviewed Porter's grievance and related videotape in the circumstances described does not support a claim that they engaged in any conduct that was more than merely negligent.  Accordingly, the district judge should dismiss the Fourteenth Amendment claims against them.

## 2.  Chaney's Claims

### Claim 2A.  Medical Defendants (Hartley, Braga, Schweiger)

For substantially the same reasons as set forth with respect to plaintiff Porter, the facts alleged in the Amended

Complaint, leading up to and including Chaney's COVID-19 diagnosis, are sufficient to allow a claim for violations of Chaney's rights under the Fourteenth Amendment to proceed under 42 U.S.C. § 1983 against defendants Hartley, Braga and Schweiger.

### Claim 2B. Superintendent Scurry, COs Martineau, Jordan, Dominico, and COs

Similarly, the court concludes that Chaney has also alleged sufficient facts to allow a section 1983 claim to proceed against Superintendent Scurry, COs Martineau, Jordan, Dominico and CO John Does 1-4, for their deliberate indifference in exposing Chaney to a substantial risk of COVID-19 infection.

Accordingly, by a separate Order issued this date, the court orders service of the Amended Complaint against the medical defendants, Superintendent Scurry, COs Martineau, Jordan and Dominico, and the unknown COs, identified here as CO John Does 1-4.[5]

### Claim 3.  Retaliation and Injunctive Relief

As part of their claim for relief, plaintiffs seek an injunction ordering their transfer to another facility to prevent retaliation for filing the instant lawsuit.  As the Amended Complaint is devoid of factual allegations which would

---

[5] With respect to claims 1B and 2B, the court will permit plaintiffs to conduct discovery necessary to determine the identities of CO John Does 1-4.

support a claim of retaliation or that could suggest any risk of a retaliatory transfer that is not purely speculative, the district judge should dismiss that claim for injunctive relief.

## Conclusion

For the foregoing reasons, the district judge should dismiss plaintiffs' claims against defendants Hiscoe and Fitzpatrick and those individuals should be dropped as defendants.  The district judge should also dismiss plaintiffs' claim for injunctive relief, identified here as Claim 3.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                              _____
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

Date:  May 5, 2021

cc:  Kevin Porter, pro se
     Vincent Chaney, pro se